1

2

3

4                        UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     UNITED STATES OF AMERICA,                    Case No. 20-cr-00276-SI-1

8                       Plaintiff,

9              v.                                  **ORDER GRANTING DEFENDANT'S
                                                   MOTION FOR COMPASSIONATE
10    RICHARDSON,                                  RELEASE**

11                      Defendant.                 Re: Dkt. No. 43

12

13          On May 12, 2022, Bryan Keith Richardson filed the instant motion for compassionate release

14   which the Government opposes; the Court heard oral argument during the June 24, 2022 hearing.

15   Dkt. No. 43[1] (Motion for Compassionate Release); Dkt. No. 47 (Opposition).  Having considered

16   the papers submitted and arguments made during the hearing, the Court hereby GRANTS Mr.

17   Richardson's motion for compassionate release for the reasons stated below.

18

19                                   **BACKGROUND**

20          In June 1991, Bryan Keith Richardson was sentenced to 63 months in federal court for

21   committing four bank robberies.  Dkt. No. 30 ¶ 79 (PSR).  In September 2000, Mr. Richardson

22   robbed a restaurant and was sentenced to 6 years of imprisonment in state court.  *Id.* ¶ 81.  Mr.

23   Richardson was on supervised release in 2009 when he committed an additional eight bank robberies

24   which lead to his conviction in Case No. CR-09-0624-SI.  *Id.* ¶¶ 81-82.  This Court sentenced Mr.

25   Richardson to 120 months, and he was released in 2019.  *Id.* ¶ 82.  In January 2020, while on

26   supervised release in Case No. CR-09-0624-SI, Mr. Richardson committed seven violations of Bank

27   _____

28          [1] All docket numbers cited within this order reference Case No. 20-CR-00276-SI.

1    Robbery.  *Id.* ¶ 2.  This Court again sentenced Mr. Richardson, this time to 60 months and three

2    years of supervised release in CR-20-00276-SI.  *Id.*  Mr. Richardson's supervised release was

3    revoked in case CR-09-00624-SI, and he received a sentence of 24 months.  Dkt. No. 36 at 2[2]

4    (Judgment and Commitment ("Judgment")).  Mr. Richardson's release date is currently set for May

5    2, 2024.  *Id.*

6         On May 12, 2022, Mr. Richardson filed his Motion for Compassionate Release Pursuant to

7    18 U.S.C. § 3582(c)(1)(A)(i).  Dkt. No. 43 (Mtn for Compassionate Release ("MCR")).  Mr.

8    Richardson is a 60-year-old black man and is currently incarcerated at FCI Sheridan.  *Id.* at 7.  Mr.

9    Richardson alleges incarceration during the COVID-19 pandemic puts him "at risk of physical and

10   mental harm."  MCR at 14-15.  Additionally, Mr. Richardson wishes to be the caretaker of his 82-

11   year-old mother who has suffered from a serious heart attack.  *Id.* at 9.  His mother currently lives

12   alone in Atwater, California and no other family member is able to care for her.  *Id.* at 18, Ex. F.

13   Mr. Richardson requests to reduce his 60-month sentence to time served, followed by supervised

14   release at his mother's residence, contingent on completion of a 90-day residential dual diagnosis

15   program.  *Id.* at 1.

16        On June 3, 2022, the government filed their opposition.  Dkt. No. 48 (United States

17   Opposition ("OPP")).  The government opposes Mr. Richardson's release, arguing: (1) risk of

18   COVID-19 infection is low since Mr. Richardson is vaccinated, (2) the BOP has a comprehensive

19   pandemic response, (3) Mr. Richardson's physical and mental health conditions are not

20   extraordinary or compelling, and (4) the factors within 18 U.S.C. § 3553(a) do not support Mr.

21   Richardson's release.  *Id.* at 9-11, 13-24.

22        On June 7, 2022, probation filed their statement on Mr. Richardson's motion.  Dkt. No. 51

23   (Probation Statement).  Mr. Richardson's mother, Ms. Crommie, has confirmed Mr. Richardson

24   would reside in her home upon release.  *Id.* at 1.  A virtual home inspection of her residence was

25   completed and approved by probation.  *Id.*  Furthermore, probation stated, "it does not appear a

26   special term of supervision is warranted."  *Id.* at 2.

27

28        [2] For ease of reference, page number citations refer to the ECF branded number in the
     upper right corner of the page.

United States District Court
Northern District of California

2

**LEGAL STANDARD**

Mr. Richardson has filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).[3] The factors within section 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.131 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).  "'[D]istrict courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant may raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original).

---

[3] Subsection (ii) of the statute provides a separate avenue for sentence reductions for prisoners who are at least 70 years of age and who meet other conditions not applicable here.  *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

1

## DISCUSSION

2      First, Mr. Richardson alleges COVID-19 coupled with his health conditions are

3  extraordinary and compelling reasons to reduce his sentence, stating if he contracts COVID-19, he

4  has an increased risk of death or severe complications according to the CDC.  MCR at 12-15.

5  Second, Mr. Richardson argues his mental health conditions support his release.  *Id.* at 16.  Mr.

6  Richardson suffers from depression and posttraumatic stress disorder.  *Id.* Ex. C (Mr. Richardson's

7  BOP medical record).  Mr. Richardson, again citing the CDC, asserts his mood disorders "can make

8  it more likely to get very sick from COVID-19." *Id.* at 16.  Finally, Mr. Richardson states his family

9  situation supports release.  *Id.* at 17-18.  His mother is 82 years old and has suffered from a serious

10  heart attack.  *Id.*  She currently lives alone in Atwater, California, and Mr. Richardson would act as

11  her caregiver if released.  *Id.*  He asserts these factors collectively support his release.  Dkt. No. 166

12  at 5 (Reply).  Mr. Richardson argues he does not pose a threat to the community and states concerns

13  thereto can be alleviated with the imposition of electronic monitoring.  *Id.* at 6.

14      The government argues Mr. Richardson is vaccinated and is therefore unlikely to suffer

15  severe illness if he contracts COVID-19.  OPP at 14.  Additionally, the government emphasized the

16  BOP's COVID-19 procedures, such as quarantining new inmates upon arrival, mitigate Mr.

17  Richardson's concerns.  *Id.* at 9.  The government states "487 current inmates [] previously tested

18  positive and have recovered.  There have been two COVID-related deaths at this institution during

19  the pandemic." *Id.* at 11.  The government then addresses Mr. Richardson's physical and mental

20  health conditions, arguing each individual condition is not an "extraordinary or compelling

21  circumstance." *Id.* at 14-20.  Additionally, with respect to Mr. Richardson's arguments concerning

22  acting as caregiver for his ailing mother, the government notes courts have denied requests from

23  defendants who are unable "to establish sole caregiver status and in the absence of compelling proof

24  of rehabilitation." *Id.* at 20.  Finally, the government states the factors within section 3553(a) do

25  not support Mr. Richardson's release and emphasize that as a serial bank robber, Mr. Richardson

26  poses a danger to the community.  *Id.* at 21.

27      The Court is unpersuaded by the Government's opposition and GRANTS the motion for

28  compassionate release, finding extraordinary and compelling reasons warrant it.  First, the

1    government improperly assesses Mr. Richardson's health conditions individually, rather than

2    collectively.  Opp. at 14-20.  Taken together, Mr. Richardson's conditions put him at significant risk

3    of severe illness should he contract Covid.  The parties agree Mr. Richardson suffers from

4    hypertension, hyperparathyroidism, hyperlipidemia, depression, PTSD, and had a partial lobectomy

5    procedure.  *Id.*; MCR at 13-14.  These health conditions coupled with an incarcerated person's

6    "extraordinarily high risk of accelerated transmission of COVID-19 [,]" demonstrate a threat to his

7    physical well-being.  *See* MCR at 13-14; Ex. E at 4 (Exhibit E is a declaration from Dr. Wood

8    discussing the health dangers of COVID-19 for prisoners and his support in releasing inmates for

9    safety).  Although the government insists COVID-19 is of little concern, they admit there have been

10   hundreds of positive cases and two deaths at FCI Sheridan.  OPP at 11.

11        Further, the parties do not dispute BOP records confirming Mr. Richardson suffers from

12   depression and posttraumatic stress disorder.  MCR Ex. C.  Mr. Richardson deals with excessive

13   past trauma, such as "domestic violence in his childhood home, his brother's murder, his sister's

14   death from a heroin overdose, and his sexual assault in state prison."  MCR at 16 (quoting PSR

15   ¶ 111).  The CDC has concluded these mood disorders "can make you more likely to get very sick

16   from COVID-19."  *See*  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/

17   people-with-medical-conditions.html (Last viewed June 15, 2022).  While the government correctly

18   notes Mr. Richardson has been assessed and given medication, the Court specifically ordered Mr.

19   Richardson receive "as much mental health counseling and treatment as possible."  Judgment at 2.

20   However, FCI is under "Condition 3" restrictions preventing Mr. Richardson from receiving group

21   therapy, counseling sessions, or anything beyond medication.  Reply at 5.

22        The Court also finds it significant Mr. Richardson's mother, Brenda Crommie, is 82 years

23   old and is currently living alone after suffering a serious heart attack.  MCR at 17-18.  During the

24   hearing the Government expressed concern that the factors present in defendant's motion for

25   compassionate release were all present at the time of sentencing, but this is inaccurate.  As discussed

26   above, Mr. Richardson is not receiving the mental health counseling and treatment the Court detailed

27   in the Judgment.  *See* Reply at 5.  Further, Judgment was entered in this case on December 15th,

28   2020, and Ms. Crommie's heart attack took place December 2021.  MTD at 17-18.  Additionally,

United States District Court
Northern District of California

1    Ms. Crommie's home was recently found suitable for supervision on June 1, 2022. Probation

2    Statement at 1. The government argues other family members can care for Ms. Crommie. Opp. At

3    20. However, Mr. Richardson's son, Mr. Clapham, submitted a letter in support of his father's

4    motion, explaining his grandmother lives "nearly 100 miles away from her closest adult child who

5    could, hypothetically, be a caregiver." MCR Ex. F. Mr. Clapham's letter states other family

6    members do not have bandwidth due to other responsibilities—including children and grandchildren

7    of their own—to care for Ms. Crommie. *Id.*; *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D.

8    Mass. 2019) (Finding defendant's circumstances were extraordinary and compelling reasons

9    because Mr. Bucci was the only available caregiver for an ailing, close member of his family: his

10   mother.") (internal citations and quotation marks omitted).

11           Finally, the Court finds § 3553(a) factors support compassionate release. Mr. Richardson

12   was unarmed when he committed the underlying offenses, and in the one instance when Mr.

13   Richardson "grabbed a customer . . . put him in a headlock and threatened to shoot the man" the

14   customer stated he did not fear for his life and did not want to prosecute. PSR ¶ 8. Mr. Richardson

15   has also completed courses at FCI Sheridan, such as the Drug Abuse Program, showing a

16   commitment to reform. *See* Dkt. No. 53 (Exhibits in Support of Reply Brief). Significantly,

17   probation has not expressed concern over Mr. Richardson's potential release. *See* Probation

18   Statement. Finally, any remaining concerns can be addressed by imposing supervised release

19   guidelines and location monitoring.

20

21                                              **CONCLUSION**

22           The Court GRANTS Mr. Richardson's motion for compassionate release. Mr. Richardson

23   is hereby resentenced to time served under 18 U.S.C. § 3582(c)(1)(A) and the Court hereby imposes

24   the following conditions for release:

25           1.  Mr. Richardson will be released July 14, 2022. He will be under the supervision of the

26               Eastern District for his residential program and for the duration of his supervised release.

27           2.  Mr. Richardson must participate in an inpatient substance abuse/alcohol abuse treatment

28               program and follow the rules and regulations of that program, for a period of up to 90

days, and up to 10 additional days for substance abuse detoxification services if deemed necessary.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

3.  Upon release from residential drug treatment, Mr. Richardson will serve out the remaining 30 months of supervised release (as originally imposed), and Mr. Richardson will be monitored for a total period of 6 months with location monitoring technology, which may include the use of Radio Frequency (RF), Global Positioning System (GPS) devices, Voice Recognition or Virtual Monitoring Technology, at the discretion of the probation officer, and comply with its requirements.

4.  The location monitoring technology will be used to monitor the following restriction on his movement in the community: Mr. Richardson will be restricted to his mother's residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities in advance as pre-approved by the supervising officer.  Mr. Richardson must follow the rules and regulations of the location monitoring program.  Mr. Richardson's co-payment will be determined utilizing a Sliding Fee Scale based on his disposable income.

**IT IS SO ORDERED**.

Dated: July 7, 2022

_____
SUSAN ILLSTON
United States District Judge